**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

STEVEN EDWARDS,    )
           )
     Petitioner,  )
v.          )  No. 1:06-cv-798-DFH-TAB
           )
STANLEY KNIGHT,    )
           )
     Respondent.  )

**Entry Discussing Petition for Writ of**
**Habeas Corpus and Directing Entry of Judgment**

   In his petition for a writ of habeas corpus, Steven Edwards challenges the validity of a disciplinary proceeding in which he was found guilty of the use of an unauthorized substance, which is a violation of prison conduct rules for inmates. Edwards seeks a writ of habeas corpus.

   A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner's confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded and habeas corpus is the proper remedy. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

   In these circumstances, Edwards was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell,* 418 U.S. 539 (1974); *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Using the protections recognized in *Wolff* and *Hill* as an analytical template, Edwards received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Edwards was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the conduct board officer issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed. Although Edwards contends that the challenged disciplinary proceeding, identified as No. ISR 05-12-0024, is constitutionally infirm, the pleadings and the expanded record show otherwise.

● Edwards' first claim is that prison authorities did not follow prison regulations in conducting a hearing within a specified time period. Even assuming there is a factual basis for this claim, however, the mere violation of such a policy does not constitute a cognizable claim under § 2254. *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996). As to the actual interval involved, the conduct report was issued on December 1, 2006, and the hearing was held slightly more than one (1) month later, on January 5, 2006. Whether delay in a prison disciplinary hearing violates due process is a function of whether the delay in some way prejudiced the prisoner's ability to present his case. *United States ex rel. Houston v. Warden,* 635 F.2d 656, 658-59 (7th Cir. 1980), *cert. denied,* 454 U.S. 843 (1981). No prejudice has been shown in this case, and the "delay" was exceedingly brief.

● Edwards argues that the conduct board denied him the opportunity to present physical evidence at the hearing. Although Edwards did not request a witness at the time he was notified of the charge in this case, he later requested that Officer Hammond be produced as a witness. An inmate cannot wait until the day of the hearing to request witnesses. *Sweeney v. Parke,* 113 F.3d 716, 719-20 (7th Cir. 1997), *overruled on other grounds by White v. Ind. Parole Bd.,* 266 F.3d 759, 765-66 (7th Cir. 2001). Even in this case, however, the conduct board determined that Officer Hammond did nothing more than return Edwards to the site where he had given the urine specimen and that he did so because Edwards had not signed a particular form. The respondent is correct that obtaining this information from Officer Hammond would not have been relevant to the charge or resolution of the charge against Edwards. Thus, there was no error in failing to call Officer Hammond as a witness. *See Wolff,* 418 U.S. at 566 (explaining that prison officials have the right and the responsibility to keep disciplinary proceedings within reasonable limits). No due process violation occurs in this context when the requested evidence is denied, but would have been irrelevant, repetitive, or unnecessary. *Forbes v. Trigg,* 976 F.2d 308, 316 (7th Cir. 1992).

● Edwards challenges the sufficiency of the evidence through his argument that a proper chain of evidence for the custody of his urine was not maintained. The "some evidence" standard is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). Indeed, even "meager" proof will suffice. *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A federal habeas court "will overturn the . . . [conduct board's]

2

decision only if no reasonable adjudicator could have found . . . [the petitioner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1993), *cert. denied,* 115 S. Ct. 314 (1994). The evidence favorable to the conduct board's decision in this case is that Edwards gave a urine specimen, that it was subjected to a test for controlled substances, and that the test results were positive for the presence of cannibinoids/Carboxy THC, the active element in marijuana. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), "only evidence that was presented to the Adjustment Committee is relevant to this analysis." *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992). Edwards' challenge to the chain of custody is a challenge to the sufficiency of the evidence, *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000), and the conduct board was entitled to resolve the matter in the way it did. See *Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). The evidence was sufficient, despite the arguable question regarding the chain of custody of the urine specimen.

●   Edwards argues that the imposition of his suspended sentence was not justified. The suspended sentence had been imposed in a prior disciplinary matter, identified as No. ISR 05-07-0141. The activation of the suspended sentence was authorized by prison regulations, and thus was within the scope of sanctions which could have been imposed in No. ISR 05-12-0024. This claim thus is not cognizable under 28 U.S.C. § 2254(a) under the circumstances of this case. See *Koo v. McBride*, 124 F.3d 869, 875 (7th Cir. 1997) (the issue of sentencing within the parameters of state law is ordinarily outside the realm of federal habeas review).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Edwards to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. Accordingly, the petition must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

So ordered.

David F. Hamilton
_____
DAVID F. HAMILTON, Judge
United States District Court

Date:   10/10/2006